**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Cr. No. 2:25-cr-20120-MSN** |
| **ALONZO FRAZIER** | ) | |
| **Defendant.** | ) | |

FILED IN OPEN COURT
DATE: 6/22/26
TIME: 2:13
INITIALS: MP

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the following constitutes the Plea Agreement reached between the United States, represented by D. MICHAEL DUNAVANT, United States Attorney for the Western District of Tennessee, and REGINA M. BRITTENUM, Assistant United States Attorney, and the defendant, ALONZO FRAZIER, represented by MATTHEW GULOTTA, defense counsel.

1. ALONZO FRAZIER agrees that he will enter a voluntary plea of guilty to Counts 1 and 2 of the Indictment. Count 1 charges the defendant with unlawfully obstructing, delaying, and affecting commerce by robbery in violation of 18 U.S.C. § 1951. This offense carries maximum statutory punishment of imprisonment for not more than twenty (20) years, a fine of not more than $250,000, a period of supervised release for not more than three (3) years, and a mandatory special assessment of $100. Count 2 charges the defendant with knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). This offense carries a mandatory minimum statutory punishment of imprisonment for not less than seven (7) years and a maximum statutory punishment of imprisonment for not more than

life, consecutive to any other term of imprisonment, a fine of not more than $250,000, a period of supervised release for not more than five (5) years, and a mandatory special assessment of $100.

2. ALONZO FRAZIER agrees that he is entering a voluntary plea of guilty to Counts 1 and 2 because he is, in fact, guilty of the offenses charged in Counts 1 and 2.

3. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the UNITED STATES and ALONZO FRAZIER agree that nine (9) years imprisonment followed by a three-year term of supervised release is an appropriate sentence in this matter. Should the Court reject this sentence, neither party will be bound by the terms of the agreement and ALONZO FRAZIER may withdraw from the Plea Agreement.

4. Pursuant to this agreement, the UNITED STATES agrees to recommend:

a. That the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

b. That following the said term of imprisonment, the defendant be placed on supervised release for a period of time to be determined by the Court;

c. That the defendant be required to pay a fine if ordered by the Court;

d. That the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced; and

5. Should it be judged by the Government that ALONZO FRAZIER has committed or attempted to commit any additional crimes, engages in any conduct constituting obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1, or attempts to withdraw his plea from the date of his signing of this plea agreement to the date of his sentencing, the UNITED STATES will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by ALONZO FRAZIER would not release him from this plea of

guilty.

6. ALONZO FRAZIER understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. In consideration of the recommended disposition of this case, ALONZO FRAZIER hereby waives and gives up his right to appeal the conviction in this case, as well as any fines, restitution, and/or sentence the Court might impose. Further, the defendant waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver is made in exchange for the concessions by the UNITED STATES as set forth in this agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct, ineffective assistance of counsel.

7. ALONZO FRAZIER agrees that this plea agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to plead guilty. By signing this document, ALONZO FRAZIER acknowledges that he has read this agreement, has discussed it with his attorney and understands it. ALONZO FRAZIER acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:
D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY
WESTERN DISTRICT OF TENNESSEE

~~REGINA M. BRITTENUM~~ ALLAN WYMBURN
Special Assistant United States Attorney

6/22/2026
Date

MATTHEW GULOTTA

6/22/2026
Date

Attorney for Defendant

Alonzo Frazier Jr. ______________________ 6/22/2026
ALONZO FRAZIER Date
Defendant